UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
UNITED STATES OF AMERICA,        :
        :
     Plaintiff,        :
        :        **AMENDED**
     - against -        :    **REPORT AND RECOMMENDATION**
        :
ALAN JOHN a/k/a CECIL MAITLAND,        :    18 Civ. 5045 (ENV) (VMS)
MAUREEN JOHN; CITIBANK, NATIONAL        :
ASSOCIATION, CAPITAL ONE BANK, NEW        :
YORK STATE DEPARTMENT OF        :
TAXATION & FINANCE, WILLOUGHBY        :
REHABILITATION & HEALTH CARE        :
CENTER LLC, NEW YORK CITY        :
DEPARTMENT OF FINANCE, and        :
DEPENDABLE INDUSTRIAL        :
SUPPLY CO. INC.,        :
        :
     Defendants.        :
----------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff United States of America (the "Government") commenced this action pursuant to 26 U.S.C. §§ 7401 and 7403 to reduce to judgment federal income tax assessments for tax years 2006 and 2007 against Defendant Alan John a/k/a Cecil Maitland ("John"). Through this action, the Government also seeks to enforce the federal tax liens related to John's personal income tax liabilities for tax years 2003 through 2007, and his Trust Fund Recovery Penalty liabilities for the employment tax periods ending September 30, 2000 and December 31, 2000, by means of a forced sale of a specific parcel of real property in Brooklyn, New York in which John has an interest. The Government has named as Defendants to this

action other parties that may have interests in that property against which the
Government seeks to enforce its tax lien.  ECF No. 1, Complaint ("Compl.") ¶¶ 3-
9.  The other named Defendants to this action are Maureen John; Citibank,
National Association ("Citibank"); Capital One Bank ("Capital One"); New York
State Department of Taxation & Finance; Willoughby Rehabilitation & Health
Care Center LLC ("Willoughby Rehab"); New York City Department of Finance
and Dependable Industrial Supply Co., Inc. ("Dependable Industrial Supply")
(collectively, together with John, "Defendants").  Id.  None of the Defendants filed
an answer or responded in any way to the Government's Complaint.  See ECF No.
18 at 4.  The Government moved for default judgment against Defendants.  Id.
District Judge Eric N. Vitaliano referred the Government's motion to this Court for
a report and recommendation.

Based on the Government's submissions and for the reasons stated below,
the Court respectfully recommends that the District Judge deny the Government's
default judgment motion in its entirety.

## I.    BACKGROUND

On September 6, 2018, the Government filed the Complaint with the
authorization of a delegate of the Secretary of the Treasury and at the direction of a
delegate of the Attorney General of the United States, as required under 26 U.S.C.
§ 7401.  Compl. at 1.  According to the Government, John failed to pay his full

federal income tax liabilities for the tax years 2006 and 2007.  Id. ¶ 11.  Therefore, a delegate of the Secretary of the Treasury made an income tax assessment against John for unpaid taxes, penalties, interest, fees and collection expenses totaling $14,277.91 through August 17, 2018.  Id.  Notice of each tax assessment and demand for payment was made on John.  Id. ¶ 12.  Despite these notices and demands, John failed, neglected or refused to pay the alleged federal income tax liabilities at issue.  Id. ¶ 13.  As of August 17, 2018, John owed $14,277.91, and as of July 15, 2019, John owed $15,038.35 for unpaid federal income tax liabilities for tax years 2006 and 2007.  ECF No. 18-1 ¶ 3.  The Government seeks to reduce these tax liabilities to a judgment.  Compl. ¶ 13.  The Government also seeks to attach to the Property the federal tax liens securing these tax liabilities.  See generally id.

The Government also alleges that John failed to pay income and FICA taxes withheld from the wages of Aris Electrical Control Services, Inc.'s employees for the tax periods ending in September 30, 2000 and December 31, 2000, and failed to pay his full federal income tax liabilities for the tax years 2003 through 2005. Id. ¶¶ 16-17.   Notice of each tax assessment and demand for payment was made on John.  Id. ¶ 18.  Despite these notices and demands, John failed, neglected or refused to pay the alleged federal tax liabilities at issue.  Id. ¶ 19. As of July 15, 2019, John owed $499,805.50 for these unpaid federal income tax liabilities.  ECF

3

No. 18-1 ¶¶ 4-5.  On September 27, 2007, the Government obtained a judgment against John in United States v. Alan John a/k/a Cecil Maitland, 07 Civ. 1307 (SJF) (CLP), in the United States District Court for the Eastern District of New York, for these tax liabilities and others (the "Judgment").[1]  Compl. ¶ 21.  The Judgment was in the amount of $687,583.11, plus statutory additions including interest.  Id. ¶ 21.  The Government seeks to attach to the Property the federal tax liens securing these tax liabilities arising from tax periods ending in September 30, 2000, and December 31, 2000, and tax years of 2003 through 2005.  See generally id.

The Government asserts that an abstract of the Judgment in the amount of $687,583.11, plus interest, was recorded with the Office of the City Register of the City of New York on April 25, 2008, creating a judgment lien.  Id. ¶ 22.  The Government also asserts that notices of federal tax liens with respect to John's income tax liabilities from 2003 through 2007, and his Trust Fund Recovery

---

[1] In the Complaint, the Government alleges that John's tax liabilities arising from tax periods ending in September 30, 2000, and December 31, 2000, and tax years of 2003 through 2005 total $475,307.67 through August 17, 2018.  Compl. ¶ 19. However, the Government states that the Judgment against John was in the amount of $687,583.11 without an explanation to account for the difference in amounts. See Compl. ¶ 21.  Therefore, this Court took judicial notice of the filings related to the Judgment.  See Cruz, 2017 WL 5195225, at *3.  It appears that the Judgment included civil tax penalties for tax periods ending June 30, 1993, March 31, 1994, and December 31, 1995.  See No. 07 Civ. 1307 (SJF) (SLP) at ECF No. 7.  The federal liens arising from John's civil tax penalties for tax periods ending June 30, 1993, March 31, 1994, and December 31, 1995 are not part of this action.

4

Penalty liabilities from quarterly tax periods ending September 30, 2000, and December 31, 2000, were recorded with the Office of the City Register of the City of New York.  Id. ¶ 24.

The chart of the assessments made by a delegate of the Secretary of Treasury for the unpaid federal tax liabilities of John for each tax period at issue, with accruals, is recreated below.

| Tax Period | Assessment Date | Balance through 7/15/19 |
|---|---|---|
| Year ending 12/31/2006 | 9/22/2008 | $8,958.30 |
| Year ending 12/31/2007 | 9/08/2008 | $6,080.30 |
| Period ending 9/30/2000* | 12/2/2002 | $318,045.48 |
| Period ending 12/31/2000* | 12/2/2002 | $155,160.60 |
| Year ending 12/31/2003* | 7/10/2006 | $9,334.05 |
| Year ending 12/31/2004* | 7/10/2006 | $9,119.99 |
| Year ending 12/31/2005* | 7/24/2006 | $8,145.38 |
| | | **Total**: $514,844.10 |

*The amounts were reduced to judgment and are included in the Judgment.

See ECF No. 18-1, Declaration of Maritza Matthews ("Matthews Decl.") ¶¶ 3-5.

Pursuant to 26 U.S.C. §§ 6321 and 6322, the Government argues that federal tax liens arose in favor of the United States upon all property and rights to property belonging to John on the date of each assessment.  Compl. ¶ 20.  The Government also argues that, under 26 U.S.C. § 6322, the federal tax liens that arose in 2002 and 2006 (as indicated in the chart above) continue to attach to all property and

rights belonging to John because the liabilities have not been satisfied, and the period for enforcement has been extended by the Judgment.  Id. ¶ 23.[2]

The property upon which the Government seeks to enforce its federal tax liens is real property located at 1757 Schenectady Avenue in Brooklyn, New York, Block 7773, Lot 31 in Kings County (the "Property").  Id. ¶ 10.  The location is more fully described as:

> ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, more particularly bounded and described as follows:
>
> > BEGINNING at a point on the Easterly side of Schenectady Avenue distant 250 feet Southerly from the corner formed by the intersection of the Easterly side of Schenectady Avenue with the Southerly side of Avenue I;
> >
> > THENCE RUNNING Easterly parallel with Avenue I 100 feet;
> >
> > THENCE Southerly parallel with Schenectady Avenue 27 feet;

---

[2] Section 6322 of the Internal Revenue Code states: "Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (for a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time."  26 U.S.C. § 6322. Under Section 6502(c), the tax assessment may be collected by levy or by a proceeding in court if begun within 10 years of the assessment.  Id. § 6502(c).  If the proceeding in court for the collection of tax is timely commenced, the period during which such tax may be collected by levy will not expire until the liability for the tax or the judgment against the taxpayer arising from such liability is satisfied.  See id.  A lien may also be extended by a judgment against the taxpayer. United States v. Hodes, 355 F.2d 746, 748-49 (2d. Cir. 1966).

> THENCE Westerly parallel with Avenue I and part of the distance through a party wall 100 feet to the Easterly side of Schenectady Avenue;
>
> THENCE Northerly along the Easterly side of Schenectady Avenue to the point or place of Beginning.

Id. ¶ 10.  The Property was conveyed to John and defendant Maureen John by a deed dated June 8, 1987, and recorded on June 26, 1987, in Reel 2406 at Page 1733 in the Office of the City Register of the City of New York.  Id.

Defendants failed to timely answer or otherwise respond to the Complaint, despite having been given multiple opportunities to do so.  See Dkt. Entry 2/25/19; Dkt. Entry 7/24/19.  On April 1, 2019, the Clerk of the Court entered a notation of default against Defendants.  On July 17, 2019, the Government moved for entry of default judgment against Defendants.  See generally ECF No. 18, Government's Motion for Default Judgment.  The Government seeks to reduce to judgment damages in the amount of $15,038.35, which represents John's outstanding federal tax liabilities, interest and other fees through July 15, 2019 for the tax years 2006 and 2007.  ECF No. 18-5, Proposed Judgment ¶ 1.  The Government also requests that the Property be sold in a judicial sale and the proceeds distributed to the Government in full or partial satisfaction of its federal tax liens against John.  Id. ¶ 5.  The Government also seeks a determination that Defendants, other than Defendant New York City Department of Finance and Defendant Maureen John,

have no right, title, claim, lien or other interest in the Property, and that they are not entitled to any distribution of the proceeds of any sale of the Property.[3]  Id.

This Court issued a Scheduling Order directing the Government to appear for a telephone conference prepared to discuss issues relating to service of process. Dkt. Entry 1/16/20.  At the conference, this Court raised concerns regarding the Government's service of process on Capital One, Willoughby Rehabilitation and New York State Department of Taxation & Finance.  The Court ordered the Government to supplement its August 2019 submission with a declaration explaining why the methods of service on these entities were proper.

The Government complied with the Court's directive.  On January 29, 2020, the Government filed the declaration of Bradley A. Sarnell along with documents to supplement the proofs of service.  See ECF No. 20.

---

[3] The Government admits that New York City Department of Finance and Maureen John are entitled to be paid before the Government is paid for John's federal tax liabilities.  See generally ECF No. 18 at 8.  As to these Defendants, the Government requests that their right, title, claim, lien or other interest in the Property be limited as follows: (i) for the New York City Department of Finance, a distribution of proceeds from the sale of the Property in an amount sufficient to satisfy any outstanding real estate taxes entitled to priority over the federal tax liens pursuant to 26 U.S.C. § 6323(b)(6); and (ii) for Maureen John, a distribution of 50% of the proceeds from the sale of the Property.  ECF No. 18-5, Proposed Judgment ¶ 5.

## II.     ANALYSIS

### A. The Government Has Not Established That This Court Has Jurisdiction To Adjudicate And Resolve The Government's Claims

The Government brings this action seeking to reduce to judgment unpaid federal income tax liabilities and to enforce federal tax liens upon real property by means of a forced judicial sale.  Pursuant to Section 7401 of the Internal Revenue Code, a civil action for the collection or recovery of taxes, or of any fine, penalty or forfeiture, may only be commenced with the authorization of the Secretary of the Treasury and the direction of the Attorney General of the United States.  26 U.S.C. § 7401.  Under Section 7403(a), "where a person has failed to pay taxes, the United States may enforce its lien on any real property, and the attached interests, against a person who has failed to pay taxes."  United States v. Ireland, No. 15 Civ. 3397 (JS) (AYS), 2016 WL 5376248, at *3 (Aug. 8, 2016) (internal quotation marks & citation omitted), R&R adopted, 2016 WL 5372801 (E.D.N.Y. Sept. 26, 2016); see 26 U.S.C. § 7403(a).  Further, Section 7403(c) states:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. If the property is sold to satisfy a first lien held by the United States, the United States may bid at the sale such sum, not exceeding the amount of such lien with expenses of sale, as the Secretary directs.

9

26 U.S.C. § 7403(c).  Section 7403(b) defines "parties" as "all persons having liens upon or claiming any interest in the property involved in such action[.]"  26 U.S.C. § 7403(b).  Although the phrase "duly notified" is not defined in the statute, this Court is persuaded by the cases finding that parties have been "duly notified" when they have been effectively served with process in the action.  See United States v. Silverman, No. 15 Civ. 22 (DRH) (SIL), 2017 WL 745732, at *3 (Feb. 3, 2017), R&R adopted, 2017 WL 744573 (E.D.N.Y. Feb. 24, 2017) (finding that defendants were "duly notified" where they were joined in the action and served properly); United States v. Aiello, No. 11 Civ. 1886 (SJ) (MDG), 2013 WL 3998468, at *5 (Apr. 15, 2013), R&R adopted, 2013 WL 2383001 (E.D.N.Y. May 30, 2013) (ordering foreclosure and sale of property under Section 7403(c) after determining that individual defendants were properly served with process and where New York City Department of Finance filed an answer); accord  United States v. Abernathy, 13 Civ. 0590 (KJM) (DAD), 2014 WL 4098139, at *4 (Aug. 18, 2014), R&R adopted,  2014 WL 4929477 (E.D. Cal. Sept. 29, 2014) (noting that defendants were "duly notified" when they were named in the complaint, the complaint set forth the relief sought, and each defendant was served with a copy of the complaint).  The Supreme Court has emphasized that, although a court has discretion over whether to order a sale of the property, such discretion "should be

exercised rigorously and sparingly." United States v. Rodgers, 461 U.S. 677, 711 (1983).

The Government commenced this action with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General. Compl. at 1. The Government alleges that John failed to discharge tax liabilities that arose with respect to tax years 2003 through 2007 and tax periods ending September 30, 2000 and December 31, 2000. Id. ¶¶ 11-24. The Government sent notices of each tax assessment and demand for payment upon John. Id. ¶ 12. The Government sued John, and joined defendants Maureen John, Citibank, Capital One, New York State Department of Taxation & Finance, Willoughby Rehabilitation, New York City Department of Finance and Dependable Industrial Supply, all persons the Government believes may claim an interest in the Property against which it seeks to enforce its federal tax liens. Id. ¶¶ 2-9.

This Court is not satisfied that all the interested parties have been duly notified of this action because not all Defendants were properly served with process as discussed below. See ECF Nos. 6 through 13; ECF No. 15-1 ¶¶ 3, 9, 15, 17, 19, 21, 23, 25. Even if all Defendants had actual or constructive notice of this action, this Court would not have the jurisdiction over all Defendants to fully adjudicate or resolve the Government's claims unless service of process was

properly made.  At this time, it would be premature to resolve the issues as to

liability or issue the final order of foreclosure and judicial sale.

**B. The Government Is Not Entitled To Default Judgment**

**1.  Legal Standard For Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure ("FRCP" or "Rule")

establishes a two-step procedure by which a party may obtain a default judgment.

See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v.

Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R.

Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  First,

if a party has failed to plead or otherwise defend against an action, the Clerk of

Court must enter a certificate of default by making a notation on the record.  See

Fed. R. Civ. P. 55(a).  Second, after this entry of default, if the defaulting party still

fails to appear or to move to set aside the default, the court may enter a default

judgment if the complaint is well-pleaded.  See Fed. R. Civ. P. 55(b).  The trial

court has the "sound discretion" to grant or deny a motion for default judgment.

See Enron Oil, 10 F.3d at 95.  In light of the Second Circuit's "oft-stated

preference for resolving disputes on the merits," default judgments are "generally

disfavored," and doubts should be resolved in favor of the defaulting party.  Id. at

95-96 (recognizing "the responsibility of the trial court to maintain a balance

between clearing its calendar and affording litigants a reasonable chance to be

12

heard").  The court must therefore "ensure that (1) Plaintiff took all the required

procedural steps in moving for default judgment pursuant to Local Civ. R. 55.2(c);

and (2) Plaintiff's allegations, when accepted as true, establish liability as a matter

of law." SAC Fund II 0826, LLC v. Burnell's Enters., Inc., 18 Civ. 3504 (ENV)

(PK), 2019 WL 5694078, at *4 (Sept. 7, 2019), R&R adopted, 2019 WL 5956526

(E.D.N.Y. Nov. 13, 2019) (citing Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir.

2009)); see Bhagwat v. Queens Carpet Mall, Inc., 14 Civ. 5474 (ENV) (PK), 2017

WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) ("A motion for default judgment

will not be granted unless the party making the motion adheres to all of the

applicable procedural rules.").  A court may not enter default judgment "unless it

has jurisdiction over the person of the party against whom the judgment is sought,

which also means that he must have been effectively served with process." U.S.

Flour Corp. v. Certified Bakery, Inc., No. 10 Civ. 2522 (JS) (WDW), 2012 WL

728227, at *4 (E.D.N.Y. 2012) (internal quotation marks & citation omitted); see

DeMartino v. Rivera, 539 N.Y.S.2d 38, 39 (N.Y. App. Div. 2d Dep't 2009) ("It is

well settled that where service of process has been improperly effected, any

resulting default judgment is a nullity.").

### 2.  Service Of Process On Defendants

"Even where the Clerk of the Court has entered the defendant's default,

[the] court may appropriately review the adequacy of service before entering a

default judgment." Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc., No. 13 Civ. 4590 (JS) (GRB), 2014 WL 6606402, at *2 (Aug. 4, 2014), R&R adopted, 2014 WL 4536911 (E.D.N.Y. Sept. 11, 2014) (internal quotation marks & citations omitted); see Avanti Enters., Inc. v. A & T Produce, Inc., No. 09 Civ. 1185 (NGG), 2010 WL 3924771, at *1 (E.D.N.Y. July 21, 2010) ("Even after entry of default, a court retains discretion over whether to grant a final default judgment."). "[T]he moving party must demonstrate that entry of default is appropriate, which requires a showing that the nonappearing party was effectively served with process." Sik Gaek, Inc. v. Yogi's II, Inc., 682 Fed. App'x 52, 54 (2d Cir. 2017). Generally, a process server's affidavit is prima facie evidence of proper service. See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002). To prove proper service, "the server should disclose enough facts to demonstrate the validity of service." 4B Charles Alan Wright & Arthur R. Miller, Federal Prac. & Proc. § 1130 (4th ed. 2019); see Fed. R. Civ. P. 4(l)(1); see Columbia Pictures Indus., Inc. v. Cap King, No. 08 Civ. 4461 (NGG) (RML), 2010 WL 1221457, at *2 (E.D.N.Y. Mar. 29, 2010) (holding that a default judgment was inappropriate where the marshal's return did not specify the documents that the marshals served on the defendants). "We reject the notion that 'actual notice' suffices to cure a void service . . . ." Nat'l Dev. Co. v. Triad

Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991).  Looking to the service here, this Court finds that the Government failed to demonstrate proper service of process on individual Defendants John and Maureen John, and corporate Defendants Willoughby Rehabilitation and Citibank.  Therefore, this Court respectfully recommends that the Government's motion for default judgment be denied as to John, Maureen John, Willoughby Rehabilitation and Citibank for service deficiencies.

### a. The Government Failed To Demonstrate Proper Service Of Process On John And Maureen John

The Government claims that it served the summons and Complaint on John and Maureen John pursuant to Rule 4(e)(2)(B) at their usual place of abode by delivery to an individual of suitable age and discretion who resides there.  The affidavits of service do not prove valid service upon these Defendants pursuant to either federal or state law.

Pursuant to Rule 4(e)(2)(B), service upon an individual may be effected by leaving copies of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(B); see, e.g., Hardy v. Kaszycki & Sons Contractors, Inc., 842 F. Supp. 713, 717 (S.D.N.Y. 1993) (finding that service of papers on recipient who was of suitable age and discretion was insufficient to effectuate service since nothing indicated that recipient was residing in defendant's

15

apartment); <u>United States v. Rose</u>, 437 F. Supp. 2d 1166, 1172 (S.D. Cal. 2006) ("Where substitute service is used, the person with whom the summons is left must also be a resident of the 'usual place of abode.'") (citation omitted); <u>Buckeye Cablevision, Inc. v. Kynard</u>, 03 Civ. 7704 (JGC) (DAK), 2004 WL 1490440, at *1 (N.D. Ohio May 3, 2004) (vacating default for improper service under Rule 4(e)(2) where process server failed to assert that either mother or sister, with whom process was left, was "then residing" at the place of service).

The Government submitted two almost identical affidavits of service of its process server, Nnamdi Erskine. Therein, the Government claims it served John and Maureen John by delivering copies of the summons and Complaint to 1757 Schenectady Avenue and by leaving the aforementioned documents with "John Doe – Co-Habitant," a person of suitable age and discretion, on November 10, 2018.[4] ECF Nos. 8-9. "John Doe" is described to be a black male, between the ages of 36 and 50 years, over six feet tall and weighing between 201 and 250

---

[4] Service is usually permitted between 6:00 in the morning and 10:00 at night. <u>See</u> New York State Unified Court System, <u>How Legal Papers Are Delivered (Service)</u>, https://www.nycourts.gov/CourtHelp/GoingToCourt/service.shtml (last visited Feb. 14, 2020). The process server allegedly served John and defendant Maureen John on a Saturday at 9:58 p.m. <u>See</u> ECF Nos. 8-9. Although Saturday service is permitted in most cases, it is concerning that the Mr. Erskine claims two people were served two minutes before the expiration of the permissible service hour. <u>Accord</u> N.Y. Gen. Bus. L. § 311 (prohibiting service of legal process on Sunday); <u>id.</u> § 313 (prohibiting service of legal process on Saturday upon person who keeps Saturday as holy time). The Court could not find authority to the effect that the service was improper on this ground.

pounds.  Id.  When "John Doe" refused to accept service, the process server "dropped the documents at his feet and announced that he was served."  Id.  The Government also followed up on the delivery by mailing copies of the documents to 1757 Schenectady Avenue on November 15, 2018, via first class mail in an envelope marked "Personal and Confidential."  Id.

The two affidavits conclusorily state that "John Doe" is a "Co-Habitant" of John and Maureen John.  Id.  They fail to include any testimony of Nnamdi Erskine regarding how he obtained that knowledge.  That is, for example, Mr. Erskine does not state whether he asked "John Doe" if he lived at 1757 Schenectady Avenue.  This is in stark contrast to Mr. Erskine's testimony in other parts of his affidavits, including where he states that "John Doe" had "confirmed Alan John a/k/a Cecil Maitland lives at this address," ECF No. 8, and "confirmed Maureen John lives at this address," ECF No. 9.  Indeed, this Court notes that "John Doe" was generally cooperative with Mr. Erskine in answering the questions he posed.  The description of "John Doe" as a "Co-Habitant" also gives this Court pause, especially considering the definition of "cohabitation": "[t]he fact, state, or condition of living together, esp. as partners in life, [usually] with the suggestion of sexual relations."  Black's Law Dictionary 316 (10th ed. 2014).  Given the marital relationship between John and Maureen John, the description of "John Doe" as "Co-Habitant" does not appear to be accurate.  Although an affidavit of a process

17

server creates a presumption of proper service, <u>Old Republic Ins.</u>, 301 F.3d at 57, as it is, the affidavit of service is not reliable evidence that service was made on John and Maureen John in accordance with Rule 4(e)(2)(B).

The Government's substitute service on John and Maureen John fares no better under New York law.   Section 308(2) of the New York Civil Practice Law and Rules ("CPLR") requires (i) leaving a copy of the summons and complaint with a "person of suitable age and discretion" at the defendant's "actual place of business, dwelling place or usual place of abode"; (ii) mailing within 20 days a copy of the summons and complaint to the defendant's "last known residence or [] actual place of business" by "first class mail . . . in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof . . . that the communication is from an attorney"; and (iii) filing proof of such service with the clerk of the Court within 20 days of either delivery or mailing, whichever occurs later.  N.Y. C.P.L.R. § 308(2); <u>see</u> <u>McCray v. Petrini</u>, 622 N.Y.S.2d 815, 816 (N.Y. App. Div. 2d Dep't 1995) ("[I]t is well-established that CPLR 308(2) requires strict compliance."); <u>Miss Jones, LLC v. Viera</u>, No. 18 Civ. 1398 (NGG) (SJB), 2019 WL 926670, at *4 (Feb. 5, 2019) (finding that Clerk's default against defendant must be vacated where plaintiff served defendant under § 308(2) but failed to timely file proof of service), <u>R&R adopted</u>, 2019 WL 955279 (E.D.N.Y. Feb. 26, 2019); <u>Roesch v. Sullivan</u>, No. 15 Civ. 247, 2016 WL 11484171, at *7

18

(Aug. 31, 2016) ("Service pursuant to Section 308(2) is insufficient unless both the delivery and the mailing take place as required by the statute."), R&R adopted, 2016 WL 4573991 (S.D.N.Y. Aug. 31, 2016).

In this instance, the Government filed proofs of service on John and Maureen John with this Court on December 12, 2018.  ECF Nos. 8-9.  That was 32 days after leaving the summons and complaint with "John Doe" on November 10, 2018 and 27 days after the follow-up mailing on November 15, 2018.  The Government did not file proof of service within 20 days of the mailing, which occurred later.  Further, the proofs of service fail to state whether the envelopes mailed to John and Maureen John indicated on the outside that the communication was from an attorney.  The Government's mailing, according to the affidavits of service, failed to strictly comply with the CPLR Section 308(2) requirements.  As a result, service upon John and Maureen John was deficient under New York law.

For these reasons, this Court respectfully recommends denying the Government's motion for default judgment against Defendants John and Maureen John.

### b.  The Government Failed To Demonstrate Proper Service Of Process On Willoughby Rehabilitation

The Government claims that it served Defendant Willoughby Rehabilitation by delivering copies of the summons and Complaint to an agent authorized to accept service on behalf of Willoughby Rehabilitation.  See ECF No. 10.  Based on

the record before this Court, the Government has not established that this method of service was properly executed.

Pursuant to Rule 4(h)(1)(B), service upon a corporation may be effected by delivering copies of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). CPLR § 311(a)(1) also provides that service upon a corporation may be effected by delivering copies of the summons and complaint "to an officer, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1); see Fed. R. Civ. P. 4(h)(1)(A) (permitting service upon a corporation in same manner for service upon an individual under subsection (e)); Fed. R. Civ. P. 4(e)(1) (permitting service in accordance with New York law).

Here, the Government states that Willoughby Rehabilitation was served by delivering copies of the summons and Complaint to "Mrs. Sequne – Administrator" at 660 Louisiana Avenue, Brooklyn, New York 11239. See ECF No. 10. The affidavit of service by Nnamdi Erskine states that Mrs. Sequne "indicated that they were authorized to accept service on behalf of the Corporation/Entity." Id. This statement is confusing as 660 Louisiana Avenue, Brooklyn, New York is not the address listed for Willoughby Rehabilitation with

20

the New York State Department of State.[5]  The issue is compounded by the fact

that the Government failed to allege in its Complaint the last known business

address of Willoughby Rehabilitation or any "d/b/a" of Willoughby

Rehabilitation.[6]

Based on this conflicting information, the Court expressed its concerns about

validity of service to the Government's counsel on a telephone conference and gave

the Government the opportunity to submit supplemental information showing why

leaving papers with Mrs. Sequne at 660 Louisiana Avenue constituted proper service

on Willoughby Rehabilitation.  In response, the Government submitted an e-mail

exchange between, among others, Shelly Richards <shellyr@springcreekrehab.com>

and Karen E. Wozniak <Karen.E.Wozniak@usdoj.gov>, counsel for the

Government.  See ECF No. 20-2.  In the e-mail exchange, Ms. Richards requests a

copy of the "signed judgment" pertaining to this case.  See id.  When Ms. Wozniak

---

[5] The address listed for Willoughby Rehabilitation is 949 Willoughby Avenue, Brooklyn, New York 11221.  See Dep't of State, Div. of Corps., State Records & UCC, Corp. & Bus. Entity Database Searches, https://appext20.dos.ny.gov/corp _public/corpsearch.entity_search_entry (search "Willoughby Rehabilitation"; then follow "Willoughby Rehabilitation and Health Care Center LLC" hyperlink); J & J Sports Prods., Inc. v. La Parranda Mexicana Bar & Restaurante Co., No. 17 Civ. 4171 (AMD) (SJB), 2018 WL 4378166, at *1 n.3 (E.D.N.Y. Apr. 9, 2018) (citation omitted) ("The Court can and does take judicial notice of information from the New York Secretary of State's website.").

[6] On the other hand, a search of the address "660 Louisiana Avenue" on Google shows that the address is associated with another business called Spring Creek Rehabilitation and Nursing Care Center ("Spring Creek Rehabilitation").

asks what Ms. Richards' interest is in the case, Ms. Richards responds, "[w]e are Willoughby Rehabilitation and Healthcare Center." <u>See</u> <u>id.</u> Other than the domain name associated with Ms. Richards' email address – "springcreekrehab.com" – nothing else in the e-mail exchange indicates any relationship between Willoughby Rehabilitation and Spring Creek Rehabilitation. Ms. Richards does not describe the relationship between Willoughby Rehabilitation and Spring Creek Rehabilitation, and she does not state whether 660 Louisiana Avenue is the proper address for Willoughby Rehabilitation or whether Mrs. Sequne was an agent authorized to accept service on behalf of Willoughby Rehabilitation.

The e-mail exchange only suggests notice, but it does not establish valid service. Notice is insufficient to confer personal jurisdiction. <u>See</u> <u>Nat'l Dev. Co.</u> <u>v. Triad Holding Corp.</u>, 930 F.2d 253, 256 (2d Cir. 1991) ("We reject the notion that 'actual notice' suffices to cure a void service . . . ."); <u>Allianz Ins. Co. v.</u> <u>Otero</u>, No. 01 Civ. 2598 (LMM) (HBP), 2003 WL 262335, at *3 (S.D.N.Y. Jan. 30, 2003) (citation omitted) (noting that actual notice does not cure a defect in service "since notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court"); <u>Raschel v.</u> <u>Rish</u>, 69 N.Y.2d 694, 697 (N.Y. 1986) ("When the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents.") (citations omitted); <u>Velez v. Smith</u>, 149 A.D.2d 753,

754 (2d Dep't 1989) ("Notice received by unauthorized means does not confer personal jurisdiction.").

Based on the record, this Court finds that the Government has failed to show proper service on Willoughby Rehabilitation, regardless of whether Willoughby Rehabilitation received notice of the action. For these reasons, this Court respectfully recommends denying the Government's motion for default judgment against Defendant Willoughby Rehabilitation.

### c. The Government Failed To Demonstrate Proper Service Of Process On Citibank

The Government claims that it served Defendant Citibank by delivering a copy of the summons to an agent authorized to accept service on behalf of Citibank. This Court finds that the affidavit of service did not establish prima facie that service was properly effected.

Rule 4(c)(1) states: "A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1); see Baron v. Miami Executive Towers Assocs. Ltd., 142 F.R.D. 394, 397 (S.D.N.Y. 1992) ("[A]ctual receipt of both the summons and the complaint is a base requirement" of Rule 4); Macaluso v. N.Y.S. Dep't of Envtl. Conservation, 115 F.R.D. 16, 18 (E.D.N.Y. Dec. 10, 1986) ("Rule 4 establishes as a prerequisite to proper service that the summons and complaint shall be served together.") (internal quotation marks & citation omitted). Pursuant to Rule 4(h)(1)(B), service upon a corporation may be effected by delivering

copies of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"

According to the Government's proof of service, process server Curtis M. Blasy served a copy of the summons on Citibank through an individual named Tanya Javers, "who is designated by law to accept service of process on behalf of" Citibank. See ECF No. 13. Mr. Blasy fails to state whether he served a copy of the Complaint along with the summons. See id. This deficiency on the face of the proof of service is enough to find that the Government failed to effectuate service of process on Citibank.

The Court also has concerns regarding the reliability of Mr. Blasy's proof of service. First, Mr. Blasy fails to state the address where he served Ms. Javers. See ECF No. 13. The document implies that Ms. Javers was served at Citibank's address listed on the summons issued by the Clerk, 701 East 60th Street, North Sioux Falls, SD 57104, but Mr. Blasy states that his address is located at 145 W. Swallow Rd., Fort Collins, CO 80525. See id. This raises a question as to the accuracy of Mr. Blasy's report that a copy of the summons was delivered to Ms. Javers in South Dakota, especially because Mr. Blasy states that his fees are $0.00 for travel and services. See id. Second, Mr. Blasy fails to state the basis of his knowledge that Ms. Javers is a person "designated by law to accept service of

process on behalf of Citibank."  These deficiencies mean that the proof of service does not establish that Citibank was properly served with process in this case.

Therefore, this Court respectfully recommends denying the Government's motion for default judgment against Defendant Citibank.

### d.  Service Of Process On Capital One Was Proper

The Government states that it served Defendant Capital One by delivering a copy of the summons to an agent authorized to accept service on behalf of Capital One.  This Court concludes that Capital One was properly served.

Service upon a corporation may be effected by delivering copies of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1)(B).  Section 311(a)(1) of the CPLR similarly provides that service upon a corporation may be effected by delivering copies of the summons and complaint "to an officer, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."  N.Y. C.P.L.R. § 311(a)(1).  See Fed. R. Civ. P. 4(h)(1)(A) (permitting service upon a corporation in same manner for service upon an individual under subsection (e)); Fed. R. Civ. P. 4(e)(1) (permitting service in accordance with New York law).

Based on the Government's affidavit of service, Capital One was served on November 7th at 10:29 a.m. by delivery a true copy of the summons and Complaint to "Rene Nordquist as Designated Employee, a person employed therein and authorized to accept service for Capital One at the address of: Corporation Service Company, Registered Agent, 100 Shockoe Slip, 2nd Floor, Richmond, VA 23234." ECF No. 7 at 1.  The Government also submitted a certification by Corporation Service Company declaring that Ms. Nordquist, among others, was an individual authorized to receive process served on behalf of Corporation Service Company as the agent for service of process of any corporation which have designated it as such agent.  Id. at 2.

At the conference held on January 16, 2020, this Court questioned Capital One's designation of Corporation Service Company, located at 100 Shockoe Slip, 2nd Floor, Richmond, VA, as its agent for service.  In response to the order for supplemental information, the Government provided relevant portions of the pleadings filed in a case entitled James Douglas, et al. v. Capital One, N.A., No. 4:18 Civ. 603, in the United States District Court of the Southern District of Texas. See ECF No. 20-1.  In the third amended complaint filed by the plaintiffs in that case, they alleged that Capital One "may be served with process by serving its registered agent, Corporation Service Company, located at 100 Shockoe Slip, 2nd Floor, Richmond, VA."  See id. at 3 ¶ 28.  In Capital One's answer to the third

26

amended complaint, it admitted that allegation contained in paragraph 28.  See id. at 8 ¶ 28.  This Court finds that Capital One made a judicial admission regarding its agent for service of process and that judicial admission is evidence of proper service in this case.  See In re Monahan Ford Corp. of Flushing, 390 B.R. 493, 502 (Bankr. E.D.N.Y. 2008) ("A judicial admission is a formal concession by a party, or its counsel, in a pleading, brief, or stipulation and is binding on the party and the Court.") (citations omitted); Hausler v. JP Morgan Chase Bank, N.A., 127 F. Supp. 3d 17, 37 (S.D.N.Y. Aug. 4, 2015) ("[A] court may [still] consider a judicial admission as evidence in another case.") (alteration in original) (citations omitted).

Based on the supplemental evidence submitted by the Government, this Court is satisfied that Corporation Service Company, located at 100 Shockoe Slip, 2nd Floor, Richmond, VA, is Capital One's designated agent for service and that the Government properly effected service by leaving copies of the summons and Complaint with Ms. Nordquist at Corporation Service Company.

### e.  Service of Process On Dependable Industrial Supply Was Proper

According to the Government, Defendant Dependable Industrial Supply was served through a "managing agent" authorized to accept service on behalf of the entity.  This Court finds that the affidavit of service demonstrates effective service on Defendant Dependable Industrial Supply.

Rule 4(h)(1)(B) provides that service upon a corporation may be effected by delivering copies of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Similarly, Section 311(a)(1) of the CPLR provides that service upon a corporation may be effected by delivering copies of the summons and complaint "to an officer, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). See Fed. R. Civ. P. 4(h)(1)(A) (permitting service upon a corporation in same manner for service upon an individual under subsection (e)); Fed. R. Civ. P. 4(e)(1) (permitting service in accordance with New York law).

"In tendering service, the process server may rely upon the corporation's employees to identify the individuals authorized to accept service. As long as the process server's reliance on corporate personnel is reasonable, the defendant may not later complain that it lacked notice even if the complaint was mistakenly delivered to a person who was not authorized to accept service." Old Republic, 301 F.3d at 57. "Where courts have concluded that service on a 'Doe' is proper, the person has affirmatively indicated that she is authorized to accept service on behalf of the corporation." Feng Lin v. Quality Woods, Inc., 17 Civ. 3043 (DLI) (SJB), 2019 WL 1450746, at *5 (collecting cases).

28

Here, the Government served Dependable Industrial Supply by delivering copies of the summons and Complaint to "Lou 'Doe' – Manager" at 1465 65th Street, Brooklyn, New York 11219.  See ECF No. 11.  The affidavit of service by Mr. Erskine states that "Lou Doe . . . indicated they were authorized to accept service on behalf of the Corporation/Entity."  Id.  There are no facial infirmities on the affidavit of service which call into question Mr. Erskine's reliance upon the representation made by "Lou Doe."  Indeed, 1465 65th Street, Brooklyn, New York is the address listed for Dependable Industrial Supply on the New York State Department of State website.[7]  Service was properly made on a Monday afternoon. The affidavit of service sets forth all of the facts necessary to demonstrate proper service.

Thus, service on Dependable Industrial Supply was proper.

### f.  Service Of Process On The New York State Department of Taxation & Finance Was Proper

The Government claims that the New York State Department of Taxation & Finance was served through an individual authorized to receive service of process on behalf of the department.   This Court finds that the Government has demonstrated effective service on the Department.

---

[7] See Dep't of State, Div. of Corps., State Records & UCC, Corp. & Bus. Entity Database Searches, https://appext20.dos.ny.gov/corp_public/corpsearch.entity_ search_entry (search "Dependable Industrial Supply"; then follow "Dependable Industrial Supply Company, Inc." hyperlink).

Pursuant to Rule 4(j)(2)(B), service upon a state, municipal corporation or any other state-created governmental organization may be effectuated in accordance with the service rules for such a defendant prescribed by the state's law. Fed. R. Civ. P. 4(j)(2)(B). Section 307(2) of the New York Civil Practice Law and Rules provides that personal service upon a state agency shall be made in one of two ways: (1) by "delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service; or (2) "by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section." N.Y. C.P.L.R. § 307(2). Subdivision one of Section 307 states that personal service upon the state shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state. Id. § 307(1).

Christopher Warner, the Government's process server, states in his affidavit that, on November 5, 2018, service on the New York State Department of Taxation & Finance was made by personal delivery of the summons and Complaint on Nicole Poole at W.A. Harriman State Campus, Bldg. 9, Albany, New York. See ECF No. 12. Mr. Warner states that he "knew said individual to be Authorized Agent" of the New York State Department of Taxation & Finance. See id. Mr.

30

Warner does not state the basis of his knowledge, and he did not indicate whether Ms. Poole made a representation that she was an individual authorized to accept service.

The Court raised this general concern with the Government, and the Government submitted evidence to show that service upon Ms. Poole at W.A. Harriman State Campus, Bldg. 9, Albany, New York was proper. See ECF No. 20-3. The Government submitted an e-mail exchange between Mr. Sarnell, attorney for the Government, and "Demeter, David J (Tax) <David.Demeter@tax.ny.gov>" with the subject line: "United States v. Alan John, et al., 1:18-cv-5045-ENV-VMS (E.D.N.Y.); Copy of Complaint." See id. According to Mr. Sarnell, Mr. Demeter is the Director of the Bankruptcy, Estates and Collections Section of the Office of Counsel at the New York State Department of Taxation and Finance. See ECF No. 20 ¶ 7. Mr. Demeter stated in his e-mail, dated January 22, 2020, that "Nicole Poole is an employee of the Department and was authorized to accept service of the summons and complaint in this case." See ECF No. 20-3. Based on this submission, this Court finds that Ms. Poole is an authorized agent designated by the New York State Department of Taxation & Finance to accept service of process. As such, service was proper under Section 307(2) of the CPLR. See United States v. Calaman, No. 15 Civ. 180 (NGG)(PK), 2016 WL 8213831 (Nov. 16, 2016) (finding service of process proper

31

where summons delivered to individual designated by the New York State Department of Taxation and Finance), <u>R&R adopted</u>, 2017 WL 462050 (E.D.N.Y. Feb. 2, 2017).

Service of process was proper on the New York State Department of Taxation and Finance.

### g.  Service Upon The New York City Department Of Finance Was Proper

The Government claims that the New York City Department of Finance was served through an individual authorized to receive service of process on behalf of the department.   This Court finds that the Government has demonstrated effective service on the New York City Department of Finance.

Pursuant to Rule 4(j)(2)(B), service upon a state, municipal corporation or any other state-created governmental organization may be effectuated in accordance with the service rules for such a defendant prescribed by the state's law.  Fed. R. Civ. P. 4(j)(2)(B).  Section 311(a)(2) of the CPLR permits personal service upon the City of New York to be made "to the corporation counsel or to any person designated to receive process in a writing filed in the office of the clerk of New York county."  N.Y. C.P.L.R. § 311(a)(2).  In the City of New York, "the corporation counsel shall be attorney and counsel for the city and every agency thereof and shall have charge and conduct of all the law business of the city and its agencies and in which the city is interested."  New York City Charter § 394(a); <u>see</u>

Exxon Mobil Corp. v. N.Y. City Dep't of Envtl. Prot., -- N.Y.S.3d --, 178 A.D.3d 696, 698 (N.Y. App. Div. 2d Dep't 2019).  According to the publicly available official website of the City of New York, the Department of Finance is listed as an agency of the City of New York.  See Cruz v. Credit Control Servs., Inc., No. 17 Civ. 1994 (ADS) (GRB), 2017 WL 5195225, at *3 (E.D.N.Y. Nov. 8, 2017) (noting court's ability to take judicial notice of publicly available documents on government websites).  The corporation counsel may be served at 100 Church Street.  See SAC Fund II 0826, 2019 WL 5694078, at *5.

Here, the Government served the New York City Department of Finance by delivering to and leaving with "Inez Contreras – Clerk," at 100 Church Street, New York, New York 10007, copies of the summons and Complaint.  See ECF No. 6.  According to the affidavit of service of Joseph P. F. Donovan, the Government's Process Server, Ms. Contreras indicated that she is authorized to accept service on behalf of the New York City Department of Finance.  See Old Republic, 301 F.3d at 57 (noting that a process server may rely on employee to identify individuals authorized to accept service).

Thus, this Court finds that service of process was proper on the New York City Department of Finance pursuant to CPLR § 311(a)(2).

### 3.  The Government Failed To Demonstrate Compliance With Local Rule 55

Separate and apart from the issues with service of process discussed above, the Government's failure to comply with the requirements under Local Rule 55.2(c) warrants denial of the motion for default judgment in its entirety.

Local Rule 55.2(c) of the United States District Courts for the Southern and Eastern Districts of New York requires that "all papers submitted to the Court" in support of a motion for default judgment "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual).  Proof of such mailing shall be filed with the Court."  Local Civ. R. 55.2(c).  Service of the motion on nonappearing defendants is of particular importance because "mailing notice of such an application is conducive to both fairness and efficiency[.]"  Committee Note, Local Civ. R. 55.2; see Transatlantic Auto Grp., Inc. v. Unitrans-PRA Co., No. 08 Civ. 5070 (DLI) (CLP), 2011 WL 4543877, at *20 (Sept. 9, 2011) (noting the Local Rules relating to default provide more protection for nonappearing defendants than the Federal Rules of Civil Procedure to promote fairness and efficiency), R&R adopted, 2011 WL 4543838 (E.D.N.Y. Sept. 29, 2011).  Failure to comply with Local Rule 55.2 warrants denial of the motion for default judgment.  See Allstate Ins. Co. v. Abramov, No. 16 Civ. 1465 (AMD) (SJB), 2019 WL 1177854, at *3

(Feb. 21, 2019), <u>R&R adopted</u>, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019) (denying motion for default judgment for failure to comply with Local Rule 55.2(c)); <u>United States v. Golfinopoulos</u>, No. 15 Civ. 3320 (ENV) (VMS), ECF No. 9, Memorandum and Order dated February 3, 2016 (denying plaintiff's motion for default judgment without prejudice where plaintiff failed to comply with Local Rules).

Here, the Government failed to submit an acceptable form of certificate of service for the papers submitted in support of the motion for default judgment. <u>See</u> ECF No. 18 at 10. Mr. Sarnell's certificate is unsworn and was not made in accordance with Local Rule 1.9, 28 U.S.C. § 1746 or Federal Rule of Civil Procedure 11. <u>See</u> Local Civ. R. 55.2(c) (requiring "[p]roof of [] mailing" and a "supplemental affidavit" for any returned mailing); Local Civ. R. 1.9 (discussing acceptable substitutes for affidavits or verified statements); 28 U.S.C. § 1746 (allowing unsworn certification to have "like force and effect" of sworn certification where it is "subscribed by [the person], as true under penalty of perjury, and dated" and in substantially the forms provided by the statute); Fed. R. Civ. P. 11 (discussing effect of filing paper with the court). As such, this Court believes that Mr. Sarnell's certificate cannot be attributed evidentiary weight to prove that the Government complied with Local Rule 55.2(c).

Further, nothing in the record suggests that the Government mailed all of the papers to John or Maureen John at their last known residence, or to the corporate Defendants at their last known business addresses.  Although the Government did submit the certificate of service of Bradley A. Sarnell, see ECF No. 18 at 10, on its face, Mr. Sarnell's certificate calls into question the Government's compliance with Local Rule 55.2(c).[8]  The certificate states that "[Mr. Sarnell] placed a copy of the foregoing document in the U.S. Mail[.]"  See id..  The certificate is attached only to ECF No. 18, which consists of the Government's notice of motion for default judgment, see ECF No. 18 at 1-2, and the Government's memorandum of law in support of motion for default judgment, see ECF No. 18 at 3-9.  Given Mr. Sarnell's reference to "the foregoing document," the certificate of service on its face only makes proof that the notice and memorandum of law were mailed in accordance with the Local Rule.  The Government's motion includes five additional documents which are separately filed as attachments to ECF No. 18. See ECF Nos. 18-1 - 18-5.  There is no certificate of service that refers to these five documents.  Without reliable proof that the Government's other documents filed in support of the motion for default judgment were mailed, this Court is guided by the Second Circuit in resolving this doubt in favor of the defaulting

_____

[8] The report and recommendation, originally filed on February 20, 2020, is amended to include this Court's additional analysis of Mr. Sarnell's certificate of service.

Defendants.  See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).

Therefore, this Court respectfully recommends finding that Mr. Sarnell's certificate

of service fails to establish compliance with Local Rule 55.2(c).

### 4.  The Default Judgment Factors

When determining whether to enter a default judgment, the Court is guided

by the same factors that apply to a motion to set aside an entry of a default.  See

Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 170-71 (2d Cir. 2001); Enron

Oil, 10 F.3d at 96.  These factors include: (1) whether the default was willful; (2)

whether ignoring the default would prejudice the opposing party; and (3) whether a

meritorious defense has been presented.  See Swarna v. Al-awadi, 622 F.3d 123,

142 (2d Cir. 2010); Enron Oil, 10 F.3d at 96.

In light of the Government's failure to serve process on Defendants John,

Maureen John, Willoughby Rehabilitation, and Citibank, and its failure to

demonstrate, with proper proof, compliance with Local Rule 55.2(c), this Court

will not determine whether the Government is able to satisfy these three procedural

factors for entering default judgment against Defendants.

## III.    CONCLUSION

Due to the procedural deficiencies discussed above, especially with regard to

John and Maureen John, it is respectfully recommended that the Government's

motion for default judgment be denied without prejudice with leave to properly

serve the Complaint within 30 days on Defendants Alan John, Maureen John, Willoughby Rehabilitation & Health Care Center LLC, and Citibank, National Association.  If a default judgment motion later becomes necessary, the Government must demonstrate compliance with the applicable Local Rules.

## IV.    OBJECTIONS

A copy of this report and recommendation is being provided to Plaintiff's counsel via ECF.  The Court will mail a copy of this report and recommendation to Defendants as follows: Alan John at 1757 Schenectady Avenue, Brooklyn, NY 11234; Maureen John at 1757 Schenectady Avenue, Brooklyn, NY 11234; Citibank, National Association at 701 East 60th Street, North Sioux Falls, SD 57104; Capital One Bank at attn: Richard D. Fairbank, 1680 Capital One Drive, McLean, Virginia 22102; New York State Department of Taxation & Finance at W.A. Harriman State Campus, Bldg. 9, Albany, NY 12227; Willoughby Rehabilitation & Health Care Center LLC at 949 Willoughby Avenue, Brooklyn, New York 11221; Willoughby Rehabilitation & Health Care Center LLC at 660 Louisiana Avenue, Brooklyn, New York 11239; New York City Department of Finance at 100 Church Street, New York, NY 10007; and Dependable Industrial Supply Co., Inc. at 1465 65th Street, Brooklyn, NY 11219.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated:       Brooklyn, New York
             March 2, 2020

            _____Vera M. Scanlon_____
              VERA M. SCANLON
            United States Magistrate Judge