UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,                                    :
                                                             :
                                        Plaintiff,           :
                                                             :       MEMORANDUM & ORDER
                    -against-                                :
                                                             :       18-CV-5045 (ENV) (VMS)
ALAN JOHN A/K/A CECIL MAITLAND;                              :
MAUREEN JOHN; CITIBANK, NATIONAL                             :
ASSOCIATION; CAPITAL ONE BANK; NEW                           :
YORK STATE DEPARTMENT OF                                     :
TAXATION & FINANCE; WILLOUGHBY                               :
REHABILITATION & HEALTH CARE CENTER                          :
LLC; NEW YORK CITY DEPARTMENT OF                             :
FINANCE; AND DEPENDABLE INDUSTRIAL                           :
SUPPLY CO. INC.,                                             :
                                                             :
                                        Defendants.          :
------------------------------------------------------------ x

VITALIANO, D.J.

On September 6, 2018, the United States of America brought this action to obtain a

money judgment against Alan John a/k/a Cecil Maitland for unpaid federal taxes and to enforce

federal tax liens upon the real property located at 1757 Schenectady Avenue, Brooklyn, New

York 11234 (the "property"). *See* Compl., Dkt. 1. No defendant timely answered or otherwise

responded to the complaint. Accordingly, the Clerk of Court entered certificates of default

against each defendant, Dkt. 16, and the government moved for default judgment. Dkt. 18. The

motion was referred to Magistrate Judge Vera M. Scanlon for a report and recommendation as to

her findings. *See* July 17, 2019 Order.

On February 20, 2020, Judge Scanlon issued a report and recommendation ("R&R")

recommending that the Court deny the government's motion for default judgment. R&R, Dkt.

21. After the government timely objected, Gov't Mem., Dkt. 22, Judge Scanlon issued an

amended R&R, which was almost identical to her original R&R except for edits to the section

1

discussing the government's proof of service of its motion papers.[1]  Am. R&R, Dkt. 23.  The

government filed supplemental objections to Judge Scanlon's amended R&R.  Gov't Suppl.

Mem., Dkt. 24.  For the reasons that follow, the government's motion for default judgment is

denied, and the amended R&R is adopted, with modification, as the opinion of the Court.

Background

Notwithstanding defendants' defaulted status, the Court presumes the familiarity of the

parties with the procedural history and underlying facts of this case.  For purposes of the present

motion, the following facts are pertinent and are deemed to be true.

This case concerns Alan John's repeated failure to pay taxes to the federal government.

First, in 2002, John was issued two penalty assessments for failing to collect and pay income and

FICA taxes withheld from the employees of Aris Electrical Control Services, Inc. for the tax

periods ending September 30, 2000 and December 31, 2000.  Compl. at ¶ 16.  Next, in 2006,

John was issued three income tax assessments for his failure to pay income taxes for the 2003,

2004 and 2005 tax years.  *Id.* at ¶ 17.  Finally, in 2008, John was issued an additional two income

tax assessments for his failure to pay income taxes for the 2006 and 2007 tax years.  *Id.* at ¶ 11.

As of August 17, 2018, John owed a total $489,585.58 plus statutory interest and additions on

these assessments.  *Id.* at ¶¶ 13, 19.  Notice from the government notwithstanding, John has

failed to make payment.  *Id.*  As a result, federal tax liens have been placed on the property.  *Id.*

at ¶¶ 10, 20, 24.

---

[1] In the original R&R, Judge Scanlon found that the government failed to comply with Local Civil Rule 55.2(c) because it failed to submit a certificate of service.  R&R at 34–35.  In the amended R&R, Judge Scanlon recognized that the government did in fact submit a certificate of service, but, for reasons discussed in Part III *infra*, found that it still failed to comply with Local Civil Rule 55.2(c).  Am. R&R at 34–37.

The government brought this action to obtain satisfaction of the outstanding tax liability, seeking (1) judgment against John for his unpaid income tax liabilities for the 2006 and 2007 tax years[2] and (2) an order enforcing the federal tax liens against the property and causing the property to be sold in a judicial sale free and clear of any right, title, lien, claim or interest of the parties to this action.  *Id.* at ¶ 24.

## Legal Standard

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010).  But, as to "those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record" in order to accept it.  *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)).

## Discussion

As she explained in her R&R, Judge Scanlon found that the government's motion for default judgment should be denied because (i) it failed to demonstrate proper service of the

---

[2] The government has already obtained judgment against John in a separate civil action for the unpaid tax liabilities for the tax periods ending September 30, 2000 and December 31, 2000 and the 2003, 2004, and 2005 tax years.  Compl. ¶¶ 21–22.

complaint and summons on Alan John, Maureen John, Willoughby Rehabilitation & Health Care Center LLC, and Citibank, National Association[3] and (ii) it failed to demonstrate compliance with Local Civil Rule 55.2(c).  Am. R&R at 16–25, 34–37.  The government concedes that service on Citibank was inadequate, but objects to the remainder of these findings.  Gov't Mem. at 5.  Each of the government's objections will be considered *de novo*.

I.      Service of the Johns

The government objects to Judge Scanlon's finding that the government failed under the Federal Rules of Civil Procedure to demonstrate proper service of process on the Johns.[4]  Gov't Mem. at 3–4.  Controlling here is Federal Rule of Civil Procedure 4(e)(2)(B), which provides that service of process may be effected by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . ."  Fed. R. Civ. P. 4(e)(2)(B).  Proof of such service may be established by a process server's affidavit, which is generally considered *prima facie* evidence.  *See Columbia Pictures Indus., Inc. v. Cap King*, No. 08-CV-4461, 2010 WL 1221457, at *2 (E.D.N.Y. Mar. 29, 2010); *see also* Fed. R. Civ. P. 4(l)(1).  Nevertheless, an affidavit may be insufficient proof when it fails to explicitly indicate how the process server knows that she is at the correct address or that the individual being served has authority to accept service.  *See, e.g.*, *Joe Hand Promotions,*

---

[3] By contrast, Judge Scanlon found that the government demonstrated proper service on Capital One Bank, Dependable Industrial Supply Co. Inc., the New York State Department of Taxation & Finance, and the New York City Department of Finance.  Am. R&R at 25–33.  Because the government has not objected to these portions of the amended R&R, the Court reviews them for clear error and finds none.

[4] Judge Scanlon also found that the government failed demonstrate proper service under New York law.  Am. R&R at 18–19.  The government does not object to this finding.  Because no party has filed an objection to these findings, the Court reviews this portion of the R&R for clear error and finds none.

*Inc. v. Dilone*, No. 19-CV-871 (NGG) (RML), 2020 WL 2572271, at *3 (E.D.N.Y. Jan. 23, 2020) (finding affidavit inadequate because it "state[d], without elaborating on how it is known, that the Broadway Address was [defendant's] address and is bare as to any details of [the process server's] conversation . . . that may have confirmed or denied [defendant's] residence."), *report and recommendation adopted in relevant part*, No. 19-CV-871 (NGG) (RML), 2020 WL 1242757 (E.D.N.Y. Mar. 16, 2020); *J & J Sports Prods., Inc. v. Dowling*, No. 18-CV-5086 (MKB) (RML), 2019 WL 6388803, at *3 (E.D.N.Y. Aug. 8, 2019) (finding affidavit inadequate because it failed to make explicit how the process server determined property was defendant's residence), *report and recommendation adopted in relevant part*, No. 18-CV-5086 (MKB) (RML), 2019 WL 4727448 (E.D.N.Y. Sept. 27, 2019).

It was a virtual repeat performance here.  As proof of service on the Johns, the government submitted two virtually identical affidavits from the same process server.  *See* Dkts. 8, 9.  The process server attests that the summons and complaint were served on "John Doe – Co-Habitant."  *Id.*  The process server also describes the encounter as follows:  "'John Doe' who refused to give his name confirmed [the Johns] live[] at this address.  When he learned I had legal documents he refused to accept service.  I then dropped the documents at his feet and announced that he was served."  *Id.*

But, the affidavits of service, as Judge Scanlon pointed out, include no facts to establish that John Doe "resided" at the home.  There is only the process server's bare assertion that John Doe was a "co-habitant."  Without an explanation as to how the process server acquired this information—like, for example, that she learned it from her conversation with John Doe— nothing in the affidavit establishes that John Doe did in fact reside at the John's dwelling.  *See J & J Sports*, 2019 WL 6388803, at *3 & n.7 (finding proof of service inadequate where affidavit

did not state whether the process server learned in conversation that address was defendant's dwelling).

The government argues that "the level of granular detail required to meet the Magistrate Judge's standards would effectively require an evidentiary hearing be held with regard to every service of process." Gov't Mem. at 4. Not so. In reality, the process server should simply explain how she learned that John Doe resided at the premises. Also missing the mark is the government's quibble over Judge Scanlon's suggestion that the process server's use of the term "co-habitant" was suspect. *Id.* at 3. Even if "co-habitant" should not be understood to have an "intimate connotation," the process server still failed to explain how she learned this fact. Though the government may lament its granularity, the standard of proof demanded by Judge Scanlon tracks the standard employed in New York courts at traverse hearings determining the propriety of service. Measured by that standard, the government has failed to demonstrate facts establishing proper service upon the John's. Accordingly, considered *de novo*, this objection to the R&R is overruled.

II.     Service of Willoughby Rehabilitation

Under Federal Rule of Civil Procedure 4(h)(1)(B), a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). The New York rule regarding service upon corporations is substantively the same. *See* N.Y.C.P.L.R. § 311(a)(1). "At least in the context of service on corporations, 'the process server may rely upon the corporation's employees to identify the individuals authorized to accept service.'" *Prescription Containers, Inc. v. Cabiles*, No. 12-CV-4805 (CBA) (VMS), 2014 WL 1236919, at *6 (E.D.N.Y. Feb. 14, 2014) (quoting *Old Republic*

*Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir.2002)), *report and recommendation adopted*, No. 12-CV-4805 (CBA) (VMS), 2014 WL 1237098 (E.D.N.Y. Mar. 25, 2014).

As proof of service on Willoughby Rehabilitation, the government filed an affidavit stating that on November 8, 2018 at 660 Louisiana Avenue, Brooklyn, NY 11239, "Mrs. Sequne" was served with a copy of the complaint and summons.  Dkt. 10.  The affidavit identifies Mrs. Sequne as an "administrator" and states that she "indicated [she was] authorized to accept service on behalf of the Corporation/Entity."  *Id.*  This drew fire from Judge Scanlon, taking issue in her Amended R&R with the address listed on the affidavit.  Am. R&R at 20.  In particular, Judge Scanlon pointed out that 660 Louisiana Avenue is not the address listed for Willoughby Rehabilitation with the New York Department of State.[5]  *Id.* at 20–21.

Significantly, the inconsistent address was not an issue that surfaced for the first time in Judge Scanlon's amendment to her R&R.  Observing this discrepancy upon submission of the government's papers, Judge Scanlon had in fact raised this issue with the government at a teleconference.  *Id.* at 21.  In a weak response, the government attempted to allay her concerns by producing an email exchange between Shelly Richards, an individual with an email address from "springcreekrehab.com," and Karen E. Wozniak, former counsel for the government.  *Id.* In the relatively brief exchange, when Richards is asked about her interest in the case, she states, "We are Willoughby Rehabilitation and Healthcare Center."  *See* Status Rpt., Ex. B, Dkt. 20-2.

---

[5] That address is 949 Willoughby Avenue, Brooklyn, New York 11221.  *See Corporation and Business Entity Database,* NY DEP'T OF STATE, DIV. OF CORPS., https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_SEARCH_ENTRY (last visited June 17, 2020).  The Court may take judicial notice of information from official government websites.  *See Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015).

The government, however, had not directly explained the inconsistency in the addresses.

Despite Richard's representation, Judge Scanlon found the email exchange in no way proved adequate service. In particular, she spotlighted that Richards did not "indicate[] any relationship between Willoughby Rehabilitation and Spring Creek Rehabilitation" or state "whether 660 Louisiana Avenue is the proper address for Willoughby Rehabilitation or whether Mrs. Sequne was an agent authorized to accept service on behalf of Willoughby Rehabilitation." Am. R&R at 21.

In its objection, the government first notes that it believed the email exchange had allayed Judge Scanlon's concerns at the teleconference. Gov't Mem. at 4. Nevertheless, it now provides additional proof. *Id.* Namely, the government points to another government database, this one maintained by the U.S. Centers for Medicare and Medicaid Services, which reveals both that Willoughby Rehabilitation does business as "Spring Creek Rehabilitation & Nursing Care Center" and that the mailing address and primary practice address of Willoughby Rehabilitation is 660 Louisiana Avenue. *See Provider Information for 1306892070*, U.S. CENTERS FOR MEDICARE AND MEDICAID SERVICES, https://npiregistry.cms.hhs.gov/registry/provider-view/1306892070 (last visited June 7, 2020).

Applying the rules in a wooden way, the government would be required to start from scratch on this request since the facts upon which it now relies were readily available and could have been presented to Judge Scanlon at the appropriate time. The Court, however, opts for a more practical approach. With the addition of this new information, the Court is satisfied that service on Mrs. Sequne at 660 Louisiana Avenue was proper. The government's objection is, accordingly, sustained, and the amended R&R is modified to reflect the finding in this Order that service on Willoughby Rehabilitation is proper.

III.     Compliance with Local Rule 55.2(c)

Local Civil Rule 55.2(c) requires movants for default judgment to mail a copy of all

papers submitted in support of their motion to the party against whom a default judgment is

sought.  Loc. Civ. R. 55.2(c).  The movant must also file "proof of such mailing" with the Court.

*Id.*  "[F]ailure to comply with Local [Civil] Rule 55.2(c) warrants denial of the motion for default

judgment" and "courts in the Eastern and Southern Districts regularly deny such motions when

strict procedural compliance is lacking."  *United States v. Hamilton*, No. 2:18-CV-2011 (ADS)

(SIL), 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019) (internal quotations omitted), *report*

*and recommendation adopted*, No. 2:18-CV-2011 (ADS) (SIL), 2019 WL 6828276 (E.D.N.Y.

Dec. 13, 2019).

In support of its motion for default judgment, the government filed one document

comprising a notice of motion, a memorandum of law and a certificate of service.  *See* Gov't

Mot., Dkt. 18.  The government also filed as separate exhibits other required documents,

including the complaint, certificate of default and proposed judgment.  *See* Dkts. 18-3; 18-4; 18-

5.  As Judge Scanlon observed, however, the certificate of service does not reference these other

documents.  Am. R&R at 36.  Rather, the certificate of service refers to the mailing of the

"foregoing document" in the singular.  Gov't Mot. at 10.

The government argues that this includes "by implication" the exhibits that were filed as

separate documents.  Gov't Suppl. Mem. at 2.  To the contrary, the Court finds that the certificate

of service is, in fact, ambiguous at best as to which documents were actually mailed.  It is,

therefore, insufficient proof that all of the required documents were mailed to defendants.  *See*

*Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV)(PK), 2017 WL 1365121, at *4

(E.D.N.Y. Mar. 10, 2017) (denying motion for default judgment in part because the certificate of

service stated that the "foregoing document is being served" and therefore provided "no indication of *what* was actually mailed" (emphasis in original)), *report and recommendation adopted*, No. 14-CV-5474 (ENV) (PK), 2017 WL 1376372 (E.D.N.Y. Apr. 11, 2017).

The government appears to have substantially complied with the rule and offers that, in the area of this unsettled procedural rule, that, while its recitals may not have caught up with its actual performance, the certificate it filed for the papers it served included the papers it should have formally recited in the certificate.  Clearly, this is not a case where it was impossible to tell from the certificate of service whether anything had been served, but a case where the recitals were incomplete.

In these circumstances, the government will be given an opportunity to file a supplemental affidavit confirming that the papers actually served on the defaulting parties included the documents that were unrecited in the certificate of service.  This affidavit shall be submitted by an affiant with personal knowledge of the actual service or who can swear that, based upon a review of the government's file in this case and the patterns and practices of government counsel, that the papers unrecited in the original certificate of service were, upon information and belief, included with the papers that were served.  The affiant must also provide a declaration as to the basis of his/her information and the grounds for his/her belief.  The government will have 30 days from the date of the entry of this Order on the docket to provide the supplemental affidavit of service, which the Court will review for compliance with this Order.  Should the government fail to file a compliant supplemental affidavit in a timely fashion, the R&R, as otherwise modified by this Order, will go into full force and effect.

## Conclusion

In line with the foregoing, the amended R&R is adopted with the modifications set forth

in this Memorandum and Order, and, therefore, the government's motion for default judgment is denied.  However, should the government timely file a supplemental affidavit compliant with the leave provision of this Order, then, with respect to Willoughby Rehabilitation, Capital One Bank, Dependable Industrial Supply Co. Inc., the New York State Department of Taxation & Finance, and the New York City Department of Finance, this matter will be remanded to Magistrate Judge Scanlon for the purpose of completing consideration of the motion for default judgment as to them.  The government is also granted 30 days' leave to serve defendants Alan John, Maureen John and Citibank, National Association.

     So Ordered.

     Dated:   Brooklyn, New York
              July 23, 2020

                                    /s/ENV

                                    ERIC N. VITALIANO
                                    United States District Judge